John Troy
Kibum Byun
TROY LAW, PLLC
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324
Fax:    (718) 762-1342
*Attorney for the Plaintiff, and others similarly situated*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

SUNKYUNG CHOI
*on behalf of themselves and others similarly situated,*
                                        Plaintiff,

                        v.

JKAWON, INC.
        d/b/a Natural Tofu,
JUNGDO WON, and
EUN JOO JANG
                                Defendants.
------------------------------------------------------------------x

**Case No:**   17-cv-07295

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

        Plaintiff Sunkyung Choi (hereafter referred to as "Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorney, Troy Law, PLLC, hereby bring this complaint against Defendants JKAWON INC. d/b/a Natural Tofu, Jungdo Won, and Eun Joo Jang (collectively referred to herein as "Defendants" or "Natural Tofu"), and alleges:

## NATURE OF THE ACTION

1.      Plaintiff is a former service employee at Defendants' restaurant located at 40-06 Queens Blvd, Sunnyside, NY 11104 who brings this class and collective action on behalf of themselves and all similar-situated restaurant workers who were or are subjected to the same unlawful practices.

2.      During her respective employment with Defendants, Plaintiff, waitress/manager, and other similarly-situated individuals, were subjected to numerous violations of federal and state

laws, including: (a) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), § 650 *et seq.* ; (b) failure to pay overtime compensation for all hours worked over forty (40) hours each workweek in violation of the FLSA, 29 U.S.C. § 207, *et seq.* and §650 *et seq.*; (c) illegal retention and distribution of employee gratuities and "charges purported to be gratuities," in violation of NYLL § 196-d; (c) failure to provide "Spread of Hours" compensations in violation of New York Compilation of Codes, Rules and Regulations (N.Y.C.R.R.) Title 12, Part 146; (d) failure to provide wage statements in violation of NYLL  § 195(3).

3.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants as restaurant workers during the applicable limitation period (the "FLSA Collective Period"). Plaintiff and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

4.      Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendants as restaurant workers during the limitation period (the "NYLL Class Period"). Plaintiff and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

*Plaintiff*

8.      Plaintiff Sunkyung Choi ("Choi") is an adult resident of Queens, New York. She worked as a waitress/manager at a restaurant called Natural Tofu located at 40-06 Queens Blvd, Sunnyside, NY 11104 from on or about October 2008 to on or about November 12, 2017.

*Corporate Defendant JKAWON INC.*

9.      Defendant JKAWON INC. d/b/a Natural Tofu is a domestic business corporation organized under the laws of the State of New York with a principal address at 40-06 Queens Blvd, Sunnyside, NY 11104 from on or about July 28, 2009 to the present. Corporate Defendant JKAWON INC. d/b/a Natural Tofu is the corporate entity that owns and operates a Korean restaurant under the trade name "Natural Tofu."

10.     Defendant JKAWON INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant JKAWON INC. has : (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been  moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

11.     Upon information and belief, JKAWON INC has daily average sales of $1600 to $2000 on weekdays, and $2500 to $3000 on weekends.

12.     JKAWON, INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff Choi and similarly situated employees.

13.     At all relevant times, JKAWON, Inc. has maintained control, oversight, and direction

over Plaintiff Choi and similarly situated employees.

14.     At all relevant times, JKAWON, Inc. applied the same employment policies, practices and procedures to all restaurant workers, including policies, practices, and procedure with respect to payment of minimum wage, overtime compensation , and customer tips.

***Defendant Jungdo Won***

15.     Upon information and belief, Defendan Jungdo Won ("Won") is a resident of the State of New York.

16.     At all relevant times, Won has been the owner and operator of Natural Tofu located at 40-06 Queens Blvd, Sunnyside, NY 11104. He exercises sufficient control over JKAWON INC.'s operations to be considered Plaintiff's employer under the FLSA, and NYLL, and at all times material herein established and exercised authority regarding JKAWON INC.'s pay practices.

17.     At all relevant times, Won has (1) had power to hire or fire employees, (2) supervised and controlled employee working schedules or conditions of employment, (3) determined the rate and method of payment and (4) had power to retain time and/or wage records at JKAWON INC. d/b/a Natural Tofu.

18.     At all relevant times, Won has been actively involved in managing the day to day operations of Natural Tofu restaurant.

19.     Defendant Won was the Chief Executive Officer of SUNNYSIDE BUKCHANG SOONDOBU CORP., a domestic business corporation organized under the laws of the State of New York with a principal address at 40-06 Queens Blvd, Sunnyside, NY 11104 from March 3, 2004 to April 27, 2010. SUNNYSIDE BUKCHANG SOONDOBU CORP. owned and operated the same restaurant which Defendant JKAWON INC. now owns and operates.

20.     Defendant Won personally hired Plaintiff Choi on or about October 2008.

21.     On or about November 12, 2017, Defendant Won sent text messages via mobile messaging app called Kakaotalk stating that Plaintiff should stop coming to work at Natural Tofu for couple weeks. On or about November 24, 2017, Defendant Won personally met Plaintiff Choi at the Natural Tofu restaurant and terminated Plaintiff Choi's employment. On the same date, Defendant Won personally handed the last payment amount to $280 to Plaintiff Choi.

22.     Defendant Won is a covered employer within the meaning of the FLSA nad the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

### *Defendant Eun Joo Jang*

23.     Upon information and belief, Defendant Eun Joo Jang ("Jang") is a resident of the State of New York.

24.     Upon information and belief, Defendant Jang is a wife of Defendant Won.

25.     Upon information and belief, Defendant Jang is the owner/operator of Corporate Defendant JKAWON INC.

26.     Defendant Jang is the "Chief Executive Officer" of Corporate Defendant JKAWON INC. d/b/a Natural Tofu. Also, Defendant Jang is "Principal" listed on the active New York State Liquor License for principal for JKAWON INC. d/b/a Natural Tofu.

27.     At all relevant times, Jang has had power over personnel decisions at JKAWON INC. d/b/a Natural Tofu, including the power to hire and fire employees, set their wages, and otherwise control the terms and condition of their employment.

28.     At all relevant times, Jang had had power over payroll decisions at JKAWON INC, including the power to retain time and/or wage records.

29.     Defendant Jang is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

### FACTUAL ALLEGATIONS

***Minimum Wage, Overtime, Spread of Hours Violations, Wage Statement\***

30.     From on or about October 2008 to on or about November 2016, Plaintiff Choi was employed by Defendants to work as a waitress at Natural Tofu, 40-06 Queens Blvd, Sunnyside, New York, 11104. On or about November 2016, Plaintiff Choi was promoted to a manager/head waitress. She worked at Natural Tofu until on or about November 12, 2017.

31.     From on or about October 2008 to on or about November 2015, Plaintiff Choi had a regular working schedule as following:

      a.     Monday, Wednesday, Friday, Saturday :  From 11:00 AM to 11:00 PM (Full Day); and

      b.     Thursday : From 6:00 PM to 11:00 PM (Half Day)

32.     During the period from on or about October 2008 to on or about November 2015, Plaintiff had a 30 minutes break for the days she worked for Full Day, but with no break on the days she worked for Half Day. In sum, during this period, Plaintiff Choi regularly worked 51 hours per week.

33.     From on or about November 2015 to on or about August 2017, Plaintiff Choi had a regular working as following:

      a.     Monday, Wednesday, Friday, Saturday : From 12:00 PM to 11:00 PM (Full Day); and

      b.     Thursday : From 6:00 PM to 11:00 PM (Half Day)

34.     During the period from on about November 2015 to on or about November 2016 (before

she became a manager/head waitress), Plaintiff had a 30 minutes break for the days she worked for Full Day, but no break on the days she worked for Half Day. In sum, during this period, Plaintiff Choi regularly worked 47 hours per week.

35.     During the period from on or about November 2016 (after she became a manager/head waitress), Plaintiff had a one hour break for the days she worked for Full Day, but no break on the days she worked for Half Day. In sum, during the period from November 2016 to August 2017, she worked 45 hours per week.

36.     From on or about August 2017 to November 12, 2017, Plaintiff Choi had a regular working schedule as following:

        a.     Monday, Wednesday, Friday, Saturday: From 12:00 PM to 11:00 PM (Full Day);

        b.     Thursday : From 6:00 PM to 11:00 PM (Half Day); and

        c.     About every other Sunday : From 11:00 AM to 10 PM (Full Day)

37.     In sum, during this period, Plaintiff regularly worked on average 50 hours per week.

38.     During all relevant times, although Plaintiff Choi had a regular working schedule, Plaintiff regularly worked more than her working schedule. For about one to twice per month, Plaintiff Choi regularly worked Full Day for the days she was scheduled to work for Half Day. For about one month in the year 2016, Plaintiff Choi worked everyday without any day off.

39.     During all relevant times, Plaintiff Choi and other employees at Defendants' restaurant did not have fixed time for meal break. In fact, when a customer comes in, employees had to stop eating and work.

40.     During all relevant times, Plaintiff Choi received a flat daily wage regardless of her actual working hours. Her daily wage rates during her employment at Natural Tofu is as following:

a.      On or about October 2008 to on or about April 2009 : $40 for Full Day and $20 for Half Day;

b.      On or about April 2009 to on or about April 2010: $45 for Full Day; $22.5 for Half Day;

c.      On or about April 2010 to on or about April 2012: $50 for Full Day; $25 for Half Day;

d.      On or about April 2012 to on or about April 2016: $55 for Full Day; $27.5 for Half Day;

e.      On or about April 2016 to on or about November 2016 (before she became a manager): $60 for Full Day; $30 for Half Day; and

f.      On or about November 2016 (after she became a manager) to November 12, 2017: $70 for Full Day; $35 for Half Day.

41.     During all relevant times, Defendants paid Plaintiff Choi in cash every two weeks (bi-weekly) without any paystub or wage statement.

42.     Plaintiff Choi was not informed of her hourly rate, overtime rate or any tip deductions toward the minimum wage.

43.     Throughout her employment, Plaintiff Choi received her wages at less than minimum wage rates under the FLSA and NYLL for each hour she worked for Defendants.

44.     Throughout her employment, Plaintiff Choi was not compensated at least at one-and-one half of the minimum wage or her calculated hourly wage, whichever is greater, for all hours worked over forty (40) in each workweek.

45.     Throughout her employment, Plaintiff was not paid spread of hours for days in which she finished work more than ten (10) hours after she started.

*Failure to Provide Notice of Tip Credit and Unlawful Retention and Distribution of Tips*

46.     Throughout her employment, Plaintiff Choi falls under the category of "tipped employee" pursuant to the FLSA and the NYLL.

47.     During her employment, Defendants did not provide notice to Plaintiff Choi or other tipped employee at the restaurant.

48.     During all relevant times, Defendants had a tip pool where each waitress/waiter receives the same amount of tips for their shift. From Monday through Thursday, a busboy (non-tipped employee) receives about $20 from the total tip pool each day. From Friday though Sunday, a busboy receives about $30 from the total tip pool.

49.     During the relevant time, the cash tips from customers goes directly to the tip pool. However, Defendants kept 10% of tips from credit card before the credit card tips goes to the tip pool.

50.     Upon information and belief, credit card transaction fee for tips is less than 10%.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiff brings this action individually and on behalf of all other similarly-situated person who were employed by Defendants as restaurant workers – including but not limited to servers, waiters, busser, kitchen worker- have been or were employed by Defendants during the FLSA Collective Period.

52.     At all relevant times, Plaintiff and other members of the FLSA Collective were similarly situated, had substantially similar job provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules,, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of

other FLSA Collective. Specifically, Plaintiff and FLSA Collective claim that Defendants willfully violated Plaintiff and FLSA Collective's right by failing to pay their minimum wages and over-time in the lawsuit amount for all hours worked.

53.     Additionally, Defendants had intentional and unlawful practice of retaining credit card tips or gratuities from customer to Plaintiff and FLSA Collective, who were/are tipped worker at Defendants during the FLSA Collective Period in violation of the FLSA.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff brings her NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed  by Defendants as restaurant workers during the applicable limitation period. Plaintiff alleges that she and other NYLL Class Members were/are; (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid at least at one-and-one half of the minimum wage or their calculated hourly wage, whichever is greater, for all hours worked over forty (40) in each workweek; (iii) unlawfully denied gratuities or charges purported to be gratuities, or had such gratuities unlawfully distributed to tip-ineligible employees;  (iv) not paid "Spread of Hours" pay; not provided with pay-statements as required by the NYLL

55.     The NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

56.     The NYLL Class, like Plaintiff, all have been subject to the same unlawful policies, plans, and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, not paying the overtime premiums for all hours worked over forty (40) in each workweek, retaining and/or unlawfully distributing gratuities or charges purported to be gratuities, not paying "Spread of Hours" pay, not providing pay-statements as required by the NYLL.

57.     During the NYLL Class Period, Defendants were fully aware or should have been aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL and/or its regulations.

58.      As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked, not paying the overtime premiums for all hours worked over forty (40) in each workweek, retaining and/or unlawfully distributing gratuities, not paying "Spread of Hours" pay, and not providing pay statements as required by the NYLL.

59.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wage and overtimes, the gratuities or charges purported to be gratuities retained and/or unlawfully distributed by Defendants, and the "Spread of Hours" pay they were denied, plus an additional amount as liquidated damages, statutory penalties for not providing pay statements as required by the NYLL, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

60.     Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class. Plaintiff has standing to seek such relief because of the adverse effects that Defendants' unlawful compensation policies and practices have had on her individually and on members of the NYLL Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendants.

61.    Plaintiff's claims raise questions of law and fact common to the NYLL Class, Among

these questions are:

   a.   Whether Defendants employed Plaintiff and the NYLL Class Members within the
        meaning the NYLL;

   b.   Whether Defendants paid Plaintiff and the NYLL Class Members the federal and
        state minimum wage for all hours worked during the NYLL Class Period;

   c.   Whether Defendants' failure to pay the prevailing minimum wage and overtime
        premium to Plaintiff and the NYLL Class constitutes a violation of NYLL §§ 650
        *et seq.*;

   d.   At what common rate, or rates subject to common methods of calculation, were
        Defendants required to pay Plaintiff and the Class Members for their work;

   e.   Whether Defendants illegally retained Plaintiff's tip and distributed them to non-
        tipped employees, such as Defendants themselves, busboys, and other individuals
        who were not working in customarily tipped positions and/or did not have meaningful
        contact with customers;

   f.   Whether Defendants unlawfully failed to pay Plaintiff and the NYLL Class "Spread
        of Hours" pay;

   g.   Whether Defendants unlawfully failed to provide wage or pay statements to Plaintiff
        and NYLL Class as required by the NYLL § 195; and

   h.   Whether Defendants' violations of the NYLL and/or its regulations were willful.

62.    These common questions of law and fact arise from the same course of events, and each

Class Members will make similar legal and factual arguments to prove liability.

63.    Plaintiff is members of the NYLL Class that they seek to represent. Plaintiff's claims are

typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and

practices complained or herein are also typical of of the relief which sought on behalf of the

NYLL Class.

64.    Plaintiff's interests are co-extensive with those of the NYLL Class that she seek to

represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to

vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and her counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of the representation requirement of Fed. R. Civ. P. 23(a)(4).

65.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

66.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

67.     The common issues of law and fact affecting Plaintiff's claims and those of the NYLL Class Members, including the common issues identified above, predominate over any issues affecting only individual claims.

68.     A class is superior to other available means for the fair and efficient adjudication of Plaintiff's claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

69.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the NYLL Class

interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each Class Member makes similar legal and factual arguments to prove the Defendants' liability.

70.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 20 similarly-situated persons who were/are employed by Defendants as restaurant workers during the NYLL Class Period.

## STATEMENT OF CLAIMS

### COUNT I.
**[Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

73.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and FLSA Collective at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and FLSA Collective.

## COUNT II.
### [Violation of New York Labor Law—Failure to pay Minimum Wage
### Brought on behalf of the Plaintiff and the Rule 23 Class]

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

77.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the NYLL Class, for some or all of the hours they worked.

78.     Defendants knowingly and willfully violated Plaintiff's and similarly situated the NYLL Class' rights by failing to pay him minimum wages in the lawful amount for hours worked.

79.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

80.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

82.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207

shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

83.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

84.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

85.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

86.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

87.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and FLSA Collective.

### COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and the NYLL Class]

88.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.     An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

90.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff and the NYLL Class at one and one half times the hourly rate Plaintiff and the NYLL Class are entitled to.

91.     Defendants' failure to pay Plaintiff and the NYLL Class their overtime pay violated the NYLL.

92.     Defendants' failure to pay Plaintiff and the NYLL Class was not in good faith.

**COUNT V.**
**[Violation of the Fair Labor Standards Act—Unlawful Tip Retention**
**Brought on behalf of Plaintiff and the FLSA Collective]**

93.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.     A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

95.     The FLSA, 29 U.S.C. §§ 203(m) and (t), prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

96.     During the FLSA Period, Defendants unlawfully retained gratuities or tip from Plaintiff and the FLSA Collective and distributed them to Defendants and tip-ineligible employees, in violation of the FLSA.

97.     Due to Defendants' FLSA violations, Plaintiff and FLSA Collective are entitled to recover from Defendants the amount retained gratuities, liquidated damages, attorneys' fees, costs and interest.

## COUNT VI.
### [Violation of New York Labor Law—Unlawful Tip Retention and Distribution Brought on behalf of Plaintiff and the NYLL Class]

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     NYLL § 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

100.    A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service.

101.    12 NYCRR § 146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

102.    12 NYCRR §146-2.20 provides that when tips are charged on credit cards, the employer must return to the employee the full amount of the tip charged on credit card minus the pro-rated portion of the tip taken by the credit card company.

103.    During the NYLL Period, Defendants unlawfully retained gratuities and "charges purported to be gratuities" from Plaintiff and the NYLL Class in violation of NYLL § 196-d.

104.    Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are entitled to recover from Defendants the amount of retained gratuities, liquidated damages, attorneys fees, cost and interest.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Pay Spread of Time
### Brought on behalf of Plaintiff and the NYLL Class]

105.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

106.    The NYLL requires employers to pay an extra hour's pay for every day that an employee

works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*,

and New York State Department of Labor regulations § 146-1.6.

107.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Pay Stubs
### Brought on behalf of Plaintiff and the NYLL Class]

108.    Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

109.    The NYLL and supporting regulations require employers to provide detailed paystub

information to employees every payday. NYLL § 195-1(d).

110.    Defendants have failed to make a good faith effort to comply with the New York Labor

Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after

each Plaintiff' payday.

111.    Due to Defendants' violations of New York Labor Law, each Plaintiff and the NYLL Class

is entitled to recover from Defendants, jointly and severally, $250 for each workday of the

violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New

York Labor Law. N.Y. Lab. Law § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on own behalf and on the behalf of the FLSA Collective and NYLL

Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have up

through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt

employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied

premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her

counsel to represent the FLSA Collective;

d)      A declaratory judgment that the practices complained of herein are unlawful

under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth

herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and

New York Labor Law due Plaintiff and  FLSA Collective, and NYLL Class plus

compensatory and liquidated damages in the amount of twenty five percent (25%) prior

to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. § 216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

i)      An award to reimburse Plaintiff's document out-of-pocket delivery vehicle costs, pursuant to the implied contract which arose between Plaintiff and Defendants;

j)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

Dated: Flushing, New York
        December 14, 2017

                          TROY LAW, PLLC


                          ____/s/ Kibum Byun_____
                          Kibum Byun
                          John Troy (JT0481)
                          41-25 Kissena Boulevard Suite 119
                          Flushing, NY 11355
                          Tel: (718) 762-1324
                          Email: johntroy@troypllc.com

                          *Attorneys for Plaintiff, proposed FLSA*
                          *Collective and NYLL Class*